

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-9-2005

# In Re: Syed I Raza

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1644

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Syed I Raza " (2005). *2005 Decisions.* Paper 1233.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1233

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-214                                                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1644
_____

IN RE:

SYED I. RAZA,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D. N.J. Civ. No. 04-cv-04972)

_____

Submitted Under Rule 21, Fed. R. App. Pro.
April 14, 2005

BEFORE:  RENDELL, FISHER and VAN ANTWERPEN, CIRCUIT JUDGES

(Filed May 9, 2005)

_____

OPINION

_____

PER CURIAM

Syed I. Raza seeks mandamus relief from this Court regarding a matter bearing the

caption In re: Rose Color, Inc., New Jersey Bankruptcy Case No. 03-23667, currently

pending on Raza's appeal to the United States District Court for the District Court of

New Jersey, Civ. No. 04-cv-04972.  In his petition, Raza identifies himself as a creditor in

the bankruptcy matter, as a former employee of the debtor who is owed back wages. Among other things, Raza expresses his disagreement with several of the Bankruptcy Court's orders, namely, the orders denying his motion to stay the sale of the debtor's personalty, denying his motion to have the bankruptcy trustee disclose the result of the sale of the debtor's property, denying his motion to stay pending appeal the order converting the matter from a Chapter 11 case to a Chapter 7 case, and denying his motion to terminate the trustee. Raza details various activities by the trustee that he believes evidence the trustee's false statements to the court and failure to perform his fiduciary responsibilities. Raza asks this Court to stay the Bankruptcy Court's orders and consider the merits of his arguments on appeal. Raza asserts that the District Court has "practically denied" the relief requested on appeal and has denied him the right to be heard within a reasonable time.

Mandamus is an appropriate remedy only in the most extraordinary of situations. In re Pasquariello, 16 F.3d 525, 528 (3d Cir. 1994). A mandamus petitioner must show that he has (i) no other adequate means of obtaining the desired relief, and (ii) a clear and indisputable right to issuance of the writ. Id. Because of its drastic nature, "a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal." In re Chambers Dev. Co., 148 F.3d 214, 223 (3d Cir. 1998). It is well-settled that the manner in which a district court disposes of the cases on its docket is committed to its sound discretion. In re Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir.

2

1982). Some delays, however, are so intolerable as to warrant appellate intervention. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996) (discussing delay in prisoner habeas corpus proceedings).

Raza filed his appeal to the District Court on August 30, 2004, and he filed his motion for stay in District Court on October 12, 2004. The trustee filed a response on November 15, 2004. Raza filed his mandamus petition less than four months after the filing of the trustee's response in the matter. We conclude that the extent of delay in this case has not risen to the level of a denial of due process and that Raza has not shown a clear and indisputable right to issuance of the writ. To the extent that Raza asks this Court to review his case on the merits, mandamus is not to be used as a substitute for an appeal. Raza has not shown that he lacks other adequate means of obtaining the desired relief.

For the foregoing reasons, we will deny Raza's mandamus petition.